# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**RECARDO BONNER, et al.,**  No. 07-30136-DRH

**Defendant.**

## ORDER

**HERNDON, Chief Judge:**

Now before the Court is Defendant Recardo Bonner's motion to continue (Doc. 213). Defendant argues that he is currently in plea negotiations with the Government, but that he has recently received supplemental discovery that will effect how he proceeds in this matter and needs further time to complete plea negotiations or prepare for trial. The Government has no objections to the continuance. Further, counsel for the codefendants have no objection to the continuance. The Court, being fully advised in the premises, finds that Defendant Bonner needs additional time to conduct plea negotiations or prepare for trial.

In continuing the trial, the Court notes that one of the codefendants, Jesus Manuel Saavedra, remains a fugitive. Saavedra is still at large and has not yet been arraigned. Further, no motion for severance of the remaining defendants has been filed or granted in this case, meaning all Defendants adhere to the same Speedy Trial Act count. Therefore, in actuality and the state of the law is that the Speedy Trial "clock" does not begin to run until the last codefendant is arraigned, in this

case, as there is one fugitive, the 70-day window for conducting this trial has not yet come into play under the Speedy Trial Act. ***See United States v. Larson*, 417 F.3d 741, 745 n.1 (7th Cir. 2005) ("In the typical joint trial, the Speedy Trial clock begins when the last codefendnat is arraigned.") (*citing United States v. Baskin-Bey*, 45 F.3d 200, 203 (7th Cir. 1995); *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); 18 U.S.C. § 3161(h)(7)); *United States v. Souffront*, 338 F.3d 809, 835 (7th Cir. 2003) (The Court found that the seventy-day clock commenced the day a fugitive - also the final codefendant in the case - was arraigned).** Since the Speedy Trial clock has not begun to run, there is no need to account for exclude time due to trial delays, such as when a trial is continued.

However, in the alternative to the finding that the Speedy Trial clock has yet to commence, the Court states that the reasons stated in the motion to continue justify reasons for granting a continuance and excluding time under the Speedy Trial Act. The Court finds that pursuant to **18 U.S.C. § 3161(h)(8)(A)**, the ends of justice served by the granting of such a continuance outweigh the best interest of the public and Defendant in a speedy trial. The Court finds that to deny a continuance of the matter would result in a miscarriage of justice. Further, forcing the parties to trial on a case that appears to have great potential to resolve amicably would be a great miscarriage of justice. Therefore, the Court alternatively finds reasons for granting a continuance as sought in the motion (Doc. 213). The Court hereby **CONTINUES** the jury trial *as to all Defendants* scheduled for March 30, 2009 until **June 1, 2009**

**at 9:00 a.m.** The time from the date Defendant's motion was filed, March 13, 2009 until the date on which the trial is rescheduled, June 1, 2009 is excludable time for the purposes of a speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 16th day of March, 2009.

/s/      *DavidRHerndon*
**Chief Judge**
**United States District Court**